```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
                                         :
UNITED STATES OF AMERICA                 :
                                         :
     - v. -                              :    16 Cr. 385 (DLC)
                                         :
DAVID W. KENT,                           :
                                         :
               Defendant.                :
                                         :
- - - - - - - - - - - - - - - - - - - - X
```

GOVERNMENT'S MOTION PURSUANT TO
TITLE 18, UNITED STATES CODE, SECTION 3771

                                              PREET BHARARA
                                              United States Attorney
                                              Southern District of New York
                                              Attorney for the United States
                                                 of America

ANDREW K. CHAN
SIDHARDHA KAMARAJU
Assistant United States Attorneys

    - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
                                         :
UNITED STATES OF AMERICA                 :
                                         :
    - v. -                               :     16 Cr. 385 (DLC)
                                         :
DAVID W. KENT,                           :
                                         :
              Defendant.                 :
                                         :
- - - - - - - - - - - - - - - - - - - - X
```

GOVERNMENT'S MOTION PURSUANT TO
TITLE 18, UNITED STATES CODE, SECTION 3771

The Government respectfully submits this motion, pursuant to Title 18, United States Code, Section 3771, seeking entry of the attached proposed order which describes the procedures to be followed in notifying potential victims of public proceedings to be held in this case.

Applicable Law

The Justice for All Act of 2004 (the "Act") expanded the rights of victims in federal criminal proceedings and established requirements concerning the Government's notification of victims. See 18 U.S.C. § 3771(a). The Act provides that crime victims have, among other rights, the right to reasonable, accurate, and timely notice of any public court proceeding involving the crime; the right not to be excluded from any such public court proceeding, unless the Court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim

heard other testimony at that proceeding; and the right to be reasonably heard at any public proceeding in the District Court involving release, plea or sentencing.  See 18 U.S.C. § 3771(a). The Act defines a victim of a crime as "a person directly and proximately harmed as a result of the commission of a Federal offense . . .."  See 18 U.S.C. § 3771(e).

Section 3771 requires that the Court ensure that crime victims are afforded the rights enumerated in the statute, see 18 U.S.C. § 3771(b), and obligates the Government to use "best efforts to see that crime victims are notified of, and accorded the rights" provided.  See 18 U.S.C. § 3771(c).  The Act does not set forth any specific notification procedures.  It recognizes that in cases involving a large number of crime victims, it may be impracticable to accord all of the victims the rights identified in Section 3771(a). See 18 U.S.C. § 3771(d)(2).  It provides that in such cases, "the court shall fashion a reasonable procedure to give effect to [the Act] that does not unduly complicate or prolong proceedings."  Id.

### Discussion

As set forth in greater detail in the Complaint in which he was initially charged, David W. Kent, the defendant, allegedly accessed a database belonging to a website ("Website-1") without authorization and stole customer information, including information from over 500,000 resumes.  Kent then exploited this

information by inviting many of Website-1's members to join a new website he created.

Because of the large number of potential victims in this case--which appear to number more than 500,000--the Government respectfully submits that it is impracticable to give individual notice to each potential victim.  Therefore, the Government requests a finding that, under these circumstances, the number of potential victims makes it impracticable to accord all of them the rights described in Section 3771(a).

In order to give effect to the rights of the victims, however, the Government proposes that it inform potential victims of all public court proceedings by posting notice of those proceedings in the Internet website of this Office at www.usdoj.gov/usao/nys on a separate page dedicated to this case. The Government respectfully submits that this procedure is "reasonable" under Section 3771(d)(2), particularly in light of the fact that media coverage of this case since the unsealing of the Complaint on March 30, 2016, suggests that potential victims can expect timely dissemination of publicly available information and documents through a wide variety of outlets.

A number of Courts in this District have addressed the effect of the Act in cases involving large numbers of victims, and have approved procedures similar to those proposed here. See, e.g., United States v. Bonventre, 10 Cr. 228 (LTS); United States

v. DiPascali, Jr., 09 Cr. 764 (RJS); United States v. Friehling, 09 Cr. 700 (AKH); United States v. Madoff, 09 Cr. 213 (DC); United States v. Bongiorno, 05 Cr. 390 (SHS); United States v. Eberhard, 03 Cr. 562; United States v. Rigas, 02 Cr. 1236 (LBS); United States v. Ebbers, 02 Cr. 1144 (BSJ).

## Conclusion

The Government respectfully submits that its proposed notice procedure is reasonable to give effect to the rights of the potential victims in this case and requests that the Court enter the proposed order.

        Respectfully submitted,

        PREET BHARARA
        United States Attorney


    By: /s/Andrew K. Chan/Sidhardha Kamaraju
        Andrew K. Chan/Sidhardha Kamaraju
        Assistant United States Attorneys

Dated:  June 26, 2016
       New York, New York

cc:  All counsel (by ECF)