G6ESKENC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                          16 CR 385 (DLC)

DAVID W. KENT,

            Defendant.

------------------------------x

                            New York, N.Y.
                            June 14, 2016
                            2:00 p.m.

Before:

                 HON. DENISE COTE,

                            District Judge

                     APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
ANDREW KW CHAN
     Assistant United States Attorney

COGDELL LAW FIRM, PLLC
     Attorneys for Defendant
BY:  DAN COGDELL

SPEARS & IMES, LLP
     Attorneys for Defendant
BY:  JOANNA C. HENDON

ALSO PRESENT:
EVELYNINA ASLANYAN, FBI Agent
ANYA HAVRILIAK, Intern

G6ESKENC

1        (Case called)

2        MR. CHAN:  Good afternoon, your Honor.  Andrew Chan

3   here on behalf of the United States.  I am joined at counsel

4   table this afternoon by Special Agent Evelynina Aslanyan with

5   the Federal Bureau of Investigation, and Ms. Anya Havriliak who

6   is an intern with the U.S. Attorney's office this summer.

7        MR. COGDELL:  Good morning, your Honor, appearing

8   *pro hac vice* for Mr. Kent, who is present.  With me is Joanna

9   Hendon.

10        MS. HENDON:  Good afternoon, your Honor.

11        THE COURT:  Good afternoon.  Welcome, everyone.

12        MR. COGDELL:  Thank you.

13        THE COURT:  I'll take a report from you, Mr. Chan.

14        MR. CHAN:  Yes, your Honor.

15        The defendant was initially arrested on a complaint on

16   March 30 of this year in Houston and was presented on that

17   date.  He was then presented in the Southern District of New

18   York before Judge Moses on April 5 of this year.  The defendant

19   then waived indictment and was arraigned on an information on

20   June 3 of 2016.  We are now here today for the initial pretrial

21   conference.

22        THE COURT:  So the arraignment occurred on June 3?

23        MR. CHAN:  Yes.  That's correct, your Honor.

24        THE COURT:  Was there an exclusion of time?

25        MR. CHAN:  Yes, there was, your Honor, until today.

G6ESKENC

1          THE COURT:  By the magistrate judge?

2          MR. CHAN:  Yes, that's correct.

3          THE COURT:  As of now, no days have elapsed under the

4     speedy trial clock?

5          MR. CHAN:  Yes.  That's correct, your Honor.

6          THE COURT:  What's the status of discovery?

7          MR. CHAN:  Your Honor, because plea negotiations have

8     been extremely productive and because of the voluminous nature

9     of the discovery, the defendant has only asked for certain

10     narrow categories of discovery that will help to further along

11     the plea negotiations to determine whether or not an early

12     resolution in this case is possible.

13          To that end, the defendant has asked for the following

14     narrow categories of discovery:  A recorded phone conversation

15     between the defendant and the owner of the victim website, a

16     video recording of a meeting between the defendant and the

17     owner of the victim website, and a recording of the defendant's

18     interview on the date of his arrest.  The defendant has also

19     asked for copies of certain categories of e-mail

20     communications, as well as a list of the e-mail addresses and

21     resident IDs that were allegedly accessed without authorization

22     from the victim website.  Now, as to that last category, I am

23     not sure if the court was aware that there was an agreed upon

24     protective order --

25          THE COURT:  Yes.

G6ESKENC

1          MR. CHAN:  -- as posed to the court late yesterday

2     evening.

3          THE COURT:  Yes, and he reviewed it.  I understand it

4     has been approved by defense counsel and I will sign it now.

5          MR. CHAN:  Thank you, Judge.

6          In that case, the government will be able to provide

7     that particular spreadsheet to the defendant within the next

8     couple days, probably most certainly by the end of the week.

9          THE COURT:  Production of the limited discovery, you

10    have outlined, will be by June 17.  When will full discovery be

11    made, if requested?

12         MR. CHAN:  Your Honor, the government and the defense

13    have agreed upon a discovery deadline for both parties of

14    August the 15th due to the voluminous nature of the remainder

15    of the discovery.

16         Would the court be interested in hearing about the

17    trial-related discovery?

18         THE COURT:  Trial related -- I'm sorry?

19         MR. CHAN:  The remainder of the discovery that is yet

20    to be produced.

21         THE COURT:  You mean the Rule 16 discovery?

22         MR. CHAN:  Yes.

23         THE COURT:  No.  I don't need you to outline that for

24    me just to set a schedule.

25         That will be produced, if necessary, by August 15?

G6ESKENC

1          MR. CHAN:  Yes.  That's correct, your Honor.

2          THE COURT:  If this case went to trial, how long would

3     it take to try?

4          MR. CHAN:  Your Honor, we would estimate that the

5     trial would last approximately a week.  It may spill over into

6     a second week, almost certainly less than two weeks.

7          THE COURT:  What would be the principal sources of the

8     government's proof at trial?

9          MR. CHAN:  Your Honor, the government's proof at trial

10    would include e-mails from the defendant and other

11    coconspirators that the defendant participated in the crimes

12    with.  It would also include records from dozens of Internet

13    service providers, including an Internet service provider known

14    as a virtual private network that allows for users to conceal

15    their identities on the Internet.  The government's proof would

16    also likely include bank records and phone records and records

17    from other Internet companies.  The government's proof would

18    also include data from the victim website, as well as the

19    defendant's own website, and would likely include testimony

20    from witnesses that have analyzed much of the electronic

21    discovery.  The government's evidence would also include

22    physical and electronic evidence that was seized pursuant to

23    search warrants that were executed on the date of the

24    defendant's arrest.  It would also include likely testimony

25    from victims who had their personal identifying information

G6ESKENC

1    taken, as well as witnesses from the victim website.

2              THE COURT:  What about a post-arrest statement?

3              MR. CHAN:  Yes, it would also include the post-arrest

4    statement.

5              THE COURT:  Have counsel discussed a schedule for

6    trial?

7              MR. CHAN:  Yes, your Honor.  The parties had

8    previously discussed a trial date in mid January.  As I

9    understand, the court might not have availability then for

10   trial.

11             THE COURT:  Right.  I can give you a trial in

12   December, early December, or in February.  Which do you prefer?

13             Why don't you consult with each other.

14             MR. COGDELL:  February, your Honor.

15             MR. CHAN:  Your Honor, I think the parties would

16   prefer February.

17             THE COURT:  We will schedule trial on February 20.

18   I'll exclude time until January 16.

19             Any objection to an exclusion of time from today until

20   January 16?

21             MR. COGDELL:  No, ma'am.

22             MR. CHAN:  No, your Honor.

23             THE COURT:  I am going to exclude time under the

24   Speedy Trial Act, Title 18, United States Code,

25   Section 3161(h)(7)(A) finding it is in the interest of justice

7

G6ESKENC

```
1   and outweighs the best interest of the defendant and the public

2   to a speedy trial and permit discovery to be produced and

3   evaluated.  If the defendant wishes to enter a plea of guilty,

4   it will permit the parties to have time to discuss that

5   disposition.  If the defendant prefers to go to trial, it will

6   permit motions to be made.  It appears there may be motions

7   that are appropriate here.  It will give everyone an

8   opportunity to prepare for trial.

9           Let's talk about a motion schedule.  Full discovery

10  would be made in mid August, so let's have motions due

11  October 21 and any response due October 28.  That will give us

12  time for any suppression hearing that might be necessary to

13  occur in November, early December.

14          Mr. Chan, is there anything else?  What's the status

15  of bail?

16          MR. COGDELL:  He is on bail, your Honor.  It was

17  $1 million secured by 50,000.  He is on bail.

18          THE COURT:  Where is he a resident?

19          MR. COGDELL:  Houston, Texas, and there are two

20  sureties on the bond as well.

21          THE COURT:  What is his travel restriction, if any?

22          MR. COGDELL:  The State of Texas and court appearances

23  here in New York.

24          THE COURT:  Is there a consent to this?

25          MR. CHAN:  Yes, your Honor.  This was an agreed-upon
```

8

G6ESKENC

1  bail package which was approved by Judge Moses.

2          THE COURT:  OK.  Was this approved at the time of the

3  arrest and appearance here in New York in April?

4          MR. CHAN:  Yes, it was.

5          THE COURT:  Or after indictment during the arraignment

6  proceeding in June?

7          MR. CHAN:  Your Honor, this was an agreed-upon bail

8  package from the date of the presentment in the Southern

9  District of New York on April 5.

10         MR. COGDELL:  It was approved in the Southern District

11 of Texas initially and then subsequently there was an

12 additional cash requirement of 25,000 that the parties agreed

13 to with the two sureties here in the Southern District of

14 New York.

15         THE COURT:  I'll let the government explore with

16 defense counsel whether the bonds need to be re-executed now

17 that the defendant has been indicted.

18         MR. COGDELL:  He has not been indicted, actually.

19         THE COURT:  An information has been filed?

20         MR. COGDELL:  Yes.

21         THE COURT:  I'm sorry.  Now that an information has

22 been filed against him --

23         MR. COGDELL:  Yes, ma'am.

24         THE COURT:  -- I think, if I understand the sequence

25 that counsels just have explained to me, the bail terms were

G6ESKENC

1    agreed upon when he was subject to a complaint and before the

2    filing of an information.  Now his status has changed and there

3    has been a waiver.  I take it there was a waiver of indictment?

4              MR. COGDELL:  There was.

5              THE COURT:  As part of the arraignment?

6              MR. CHAN:  Yes, that's correct.

7              MR. COGDELL:  Yes.

8              THE COURT:  Actually, I'm sorry, excuse me one minute,

9    Counsel.

10             Since that wasn't done before me, I think I am just

11   going to repeat the waiver.  I don't have an ROR on that, and I

12   am not sure of the effectiveness when done before a magistrate

13   judge.

14             Thank you.  I see you're standing, Mr. Kent.

15             Mr. Kent, have you received a copy of the -- let me

16   make sure I have it before me -- the information that's been

17   filed against you and now bears the number 16 CR 385?

18             THE DEFENDANT:  Yes, ma'am.

19             THE COURT:  Do you wish me to read it to you?

20             THE DEFENDANT:  No, ma'am.

21             THE COURT:  How do you plead; guilty or not guilty?

22             THE DEFENDANT:  Not guilty.

23             THE COURT:  Thank you.  You may be seated.

24             I am going to ask you to stand again and we will go

25   through the waiver.  This information contains serious charges

G6ESKENC

 1    against you.  You have the right to require the U.S. Attorney

 2    to present evidence to a grand jury and see whether or not the

 3    grand jury will choose to charge you with these crimes.  If it

 4    chooses to charge you with these crimes, you would be charged

 5    in a different instrument called an indictment, which bears the

 6    signature above the grand jury foreperson and also the U.S.

 7    Attorney.  This is not an indictment, it is an information.  It

 8    bears the signature solely of the U.S. Attorney.

 9            Do you understand what I have just explained to you?

10            THE DEFENDANT:  Yes, ma'am.

11            THE COURT:  Have you discussed these issues with your

12    lawyers?

13            THE DEFENDANT:  Yes, ma'am.

14            THE COURT:  Do you willingly give up your right to be

15    indicted by a grand jury with these crimes?

16            THE DEFENDANT:  Yes, ma'am.

17            THE COURT:  You may be seated.

18            I find a knowing and voluntary waiver.

19            Mr. Cogdell, is there anything else that we need to do

20    from your perspective?

21            MR. COGDELL:  No, ma'am.  Thank you.

22            THE COURT:  Mr. Kent, I have one further thing to do

23    with respect to you.  We have a firm trial date here.

24            You may remain seated.

25            That trial date is not going to move.  If at any time

G6ESKENC

1    you become unable to afford counsel, you have the right, of

2    course, as you have been previously advised, to have counsel

3    appointed to represent you.  If at any time you choose to

4    retain other counsel, you certainly have that right as well.

5    But you should make those decisions promptly, because incoming

6    counsel, new counsel, whether appointed or retained, has the

7    right to get fully familiar with this case and prepare for

8    trial.  I am not going to move the trial date.

9              Do you understand that?

10             THE DEFENDANT:  Yes, ma'am.

11             THE COURT:  Thank you, counsel.

12             (Adjourned)

13

14

15

16

17

18

19

20

21

22

23

24

25